| | | |
|---|---|---|
| JAMES JONES, JR.<br>7719 Sassafrass Way<br>Severn, MD 21144 | *<br><br>* | IN THE<br><br>CIRCUIT COURT |
| Plaintiff | * | FOR |
| v. | * | BALTIMORE CITY |
| CAPITAL ONE, N.A.<br>SERVE ON: RESIDENT AGENT<br>  CSC – Lawyers Incorporating<br>  Service Company<br>  7 St. Paul Street<br>  Suite 820<br>  Baltimore, MD 21202 | *<br><br>*<br><br>*<br><br>* | Case No.: C-24-CV-25-009263 |
| Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT FOR MALICIOUS USE OF PROCESS
## AND
## REQUEST FOR A JURY TRIAL

James Jones, Jr. (hereafter "Jones"), Plaintiff, by his attorney, Gilbert Rosenthal, Esquire, files this Complaint for Malicious Use of Process against Capital One, N.A., Defendant (hereafter "Capital One") and states:

1. James Jones, Jr. ("Jones"), Plaintiff, is a Maryland resident, residing in Anne Arundel County, Maryland.

2. Capital One, N.A. ("Capital One"), Defendant, is in, among other businesses, the business of issuing credit cards under proper representations and documentations for verification of the person or entity applying for the credit card.

3. Per the Affidavit of Jones, attached hereto, Jones never made an application for a credit card from Capital One, nor did he ever charge anything on the credit card issued by Capital One. For reasons which will come out in discovery, Jones has no idea

why Capital One has filed its Complaint for monetary damages against Jones, and obtained a default judgment against Jones.

4. Jones was never served *in personam* with any Summons, Complaint, or any other papers pursuant to Maryland Rule 3-121 of the District Court, which Rule mandates in Maryland Rule 3-121(a)(1) that all such documents be personally served on Jones or (2) "with a resident of suitable age and discretion" at the address of Jones

5. Capital One was notified that there was no proper service of process pursuant to the Maryland Rules by virtue of an email dated October 4, 2024. (see Exhibit 1), to Capital One's attorney advising Capital One (by virtue of notice to the attorney for Capital One) that there was no personal service on Jones in accordance with the Maryland Rules. Nevertheless, Capital One proceeded to obtain a default judgment against Jones in District Court for Anne Arundel County in Case Number D-07-CV-24-015471, and then had that judgment recorded in the Circuit Court for Anne Arundel County in Case Number. C-02-JG-25-01254.

6. At the time that Capital One attained the judgment in the District Court for Anne Arundel County, and recorded a copy of that judgment in the Circuit Court for Anne Arundel County, Capital One knew that they did not have any documentation to show that Jones either applied for or obtained a credit card issued by Capital One, nor did Jones ever charge anything on that credit card, which credit card allegedly was issued by Capital One to Jones.

7. The business under which Jones was operating in Arundel County filed a Chapter 7 bankruptcy in the District Court of Maryland Northern District, in Bankruptcy Case 25-11945.

8. The filing for Chapter 7 proceeding by the business formerly operated by Jones then became public knowledge, for which Capital One knew, or should have known, that the bankruptcy case was filed. Jones, and the company which Jones had been operating and filed for the Chapter 7 bankruptcy proceedings were and are *two separate and distinctive entities*. However, Capital One maliciously refused to check into the issue of personal service of Jones; obtained the judgment against Jones personally; thereby causing Jones personal problems with all credit bureaus and Jones' individual credit rating.

9. Jones himself called Capital One on September 26, 2024, speaking to Colleen (856-840-4151) to again explain that he never was personally served any Complaint, Writ of Summons or any documents

10. Notwithstanding the above allegations of improper service, the law firm of Lyons, Doughty & Veldhuis, P.C./P.A. ("LDV Law Firm") requesting Capital One preceded to obtain a default judgment in favor of Capital One and against Jones, even knowing "t there was no personal service on Jones, nor did LDV Law Firm attempt to obtain any type of confirmatory verification that Jones was actually personally served at that address *in personam*, or by virtue of serving any other individual of suitable age and discretion in accordance with Maryland Rule 3-121. Jones requested documents which would show that Jones was in any way responsible for the alleged money owed to Capital One, i.e., showing Jones made application for the credit card and/or that he made any charges on that credit card.

11. The Complaint was filed by Capital One against Jones for breach of contract and Capital One obtained a judgment against Jones without probable cause, and with

malice. At no time did Capital One attempt to determine whether there had been personal service on Jones, but Capital One directly and maliciously and without regard to Maryland law, continued to obtain a judgment by default against Jones.

12. In addition to the above, Jones never lived at the address the address indicated by Capital One as being the address of the person making application for the credit card. In addition, the Social Security Number obtained by Capital One is not the Social Security Number of Jones.

13. Capital One knew that they did not have any written agreement with Jones, and the judgment which Capital One obtained against Jones with was with malice afterthought, as well as being otherwise malicious in continuing its Complaint against Jones after being advised of all of the above facts.

14. As the result of Capital One's institution of suit for breach of contract against Jones, and obtaining a judgment against Jones with no proof that Jones ever made application for a Capital One credit card and never made a charge on that card., Jones suffered special damages by virtue the record of the wrongful judgment in favor of Capital One and against Jones.

WHEREFORE, Jones demands judgment against Capital One for:

A. $50,000.00 as compensatory damages;

B. $2,000,000.00 with regard to punitive damages;

C. Have Capital One file a dismissal with both in the District Court of Maryland and the Circuit Court of Maryland, both of Anne Arundel County, of the Complaint filed by Capital One.

D.  Capital One to notify any and all credit bureaus that the judgment against Jones is to completely be deleted, and that Jones' credit rating is to reflect the deletion of this judgment and/or any claim by Capita One;

E.  Counsel fees to be paid to Jones by Capital One to be determined based on the wrongful actions of Capital One, including malicious prosecution and Maryland Rule 1-341, Capital One having continued to proceed with the Complaint against Jones in bad faith and without substantial justification;

F.  Pay Court costs as well as other expenses incurred by virtue the malicious actions of Capital One; and

G.  Reserving to Jones the right to add additional Defendants to this Complaint, should discovery indicate that they and/or other parties contributed to improper service and damages sustained by Jones.

*(signature)*
Gilbert Rosenthal
10542 Jackson Square Drive
Estero, FL 339281012
410-440-4800
LR1229@aol.com
AIS: 5710010028
Attorney for James Jones, Jr.

Law Offices<br>
**GILBERT ROSENTHAL**<br>
10542 Jackson Square Drive<br>
Estero, FL 33928<br>

Telephone No.: 410-440-4800<br>
LR1229@aol.com<br>

October 4, 2024

**EXHIBIT 1**

**VIA EMAIL ONLY**

info@ldvlaw.com

ATTN:  Cristina A. Beckles, Esquire

    Re:    Capital One, N.A. v. James R. Jones, Jr.
            District Court for Anne Arundel County
            Case No.:  D-07-CV-24-015471

Dear Ms. Beckles:

    Our office represents James R. Jones, Jr. with reference to the above captioned case.

    Because of the time element, I have taken the liberty of sending this letter to you by email. After you have reviewed the same, and perhaps discuss this matter with Capital One, N.A., I would appreciate your calling me to see if this matter can be totally resolved. In this regard, I point out the following:

    1.  There was no personal service on Mr. Jones.  I state this for two reasons, namely: (1) Mr. Jones was out of the State of Maryland during the time that he allegedly was served and (2) we have a video showing that the individual who was to serve the papers came to the home; never rung the bell; never knocked on the door; and merely put the papers between the outer door and the front door of 887 Elmhurst Road, Severn, MD 21144-2036.  If we resolve this by settlement, then there would be nothing more for either party to do.  However, if the matter has not been properly resolved, then I would suggest that you reissue and have Mr. Jones properly and personally served in the accordance with the Rule of Procedure of the District Court of Maryland.

    2.  It is my understanding that the credit card allegedly in the name of Mr. Jones, was actually in a corporate name.  I suggest that this fact indicates that there were two separate entities, namely, (1) the corporation and (2) Mr. Jones personally.  It was also my understanding that any and all documents, including the issuance of the credit card to the corporation ONLY.  To further explain this situation, would you please be kind enough to send me any and all documents on which you rely on that Mr. Jones is personally responsible for any corporate credit card.

Cristina A. Beckles, Esquire
Page 2
September 27, 2024

      3. I am a 90 year old attorney, presently retired in Florida, but maintain my Maryland license to practice law, which license I obtained after passing the Bar in October, 1957. My Maryland Bar No. is 195710010028. Assuming we can resolve this matter by settlement, then as indicated above, both parties can go their separate ways. However, if this matter is not resolved, then once proper service is obtained on Mr. Jones, I will immediately file for a jury trial and seek punitive damages against Capital One, N.A. for malicious prosecution, as well as seeking attorney's fees pursuant to Maryland Rule 1-341. However, if you are able to furnish the necessary documents to show that Mr. Jones would be responsible for any corporate credit card debt, then any indication to malicious prosecution and attorney's fees pursuant to Maryland Rule 1-341 would be withdrawn. Lastly, I am familiar with the limits in Maryland for requesting a jury trial and I understand that the amount of damages sought by Capital One, N.A. are less than the minimum requirements to request a jury trial, but I suggest that a Complaint for malicious prosecution and request for damages in excess of the minimum amount of damages in Maryland, may allow this case to be transferred to the Circuit Court and tried before the jury.

      In any event, after you have reviewed this letter and forwarded to me any documents which you feel would cause Mr. Jones to personally be liable for the specific credit card from Capital One, N.A., then I will call you and hope that this entire matter can be resolved. In the interim, I suggest that you may want to request the re-issuance of the Writ of Summons, but not send the same to me for private process service, although I will attempt to obtain permission from Mr. Jones for me to accept service and file the appropriate pleadings.

      Looking forward to receiving the requested documents.

      Very truly yours,

      Gilbert Rosenthal

GR/sdd
cc: James R. Jones, Jr.
    By Email Only

## AFFIDAVIT OF JAMES JONES, JR.

STATE OF MARYLAND, COUNTY OF ANNE ARUNDEL
TO WIT:

I HEREBY CERTIFY that on this _____ day of _____, 2025, personally appeared before me a Notary Public in and for the State of Maryland aforesaid, JAMES JONES, JR., and he made oath in due form of law from personal knowledge and under the penalties of perjury that all of the facts set forth in the attached Complaint are true and correct to best of his knowledge, information and belief.

JAMES JONES, JR.
(SEAL)

IN WITNESS my hand and my notarial seal this 05 day of November 2025
2025

Notary Public

My Commission Expires

| | | |
|---|---|---|
| JAMES JONES, JR. | * | IN THE |
| Plaintiff | * | CIRCUIT COURT |
| v. | * | FOR |
| CAPITAL ONE, N.A. | * | BALTIMORE CITY |
| Defendant | * | Case No.: Case No. C-03-CV-3- 009263 |

\* \* \* \* \* \* \* \* \* \* \* \*

## REQUEST FOR A JURY TRIAL

With reference to his Complaint for Malicious Use of Process, James Jones, Jr. requests that all issues be tried before a jury.

_____
Gilbert Rosenthal
10542 Jackson Square Drive
Estero, FL 339281012
410-440-4800
LR1229@aol.com
AIS: 5710010028
Attorney for James Jones, Jr.